Argued October 23, reversed and remanded November 18, 1974

## STATE OF OREGON, *Appellant, v.* JEFFREY GILBERT HOCKLEY (No. 44034), *Respondent.*

528 P2d 132

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Robert M. Gordon,* Corvallis, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

█ █ The sole question on this appeal is whether a copy of a breathalyzer test furnished defendant pursuant to ORS 483.646 must be certified to read, "* * * has been compared by the certifying officer with the original, and that it is a correct transcript of the whole * * *," ORS 43.470,[1] or whether "certified a true copy," signed by a deputy district attorney, as furnished in this case, is a sufficient certification. Upon motion by defendant, the district court and circuit court suppressed the breathalyzer test result because the copy was "improperly certified." The state appeals. We reverse.

ORS 483.646 provides for preparation of a written report by the individual who performed the breath test and

"* * * * *

"(2) [a]ny individual having custody of the report * * * shall, upon request of the person tested, furnish that person or his attorney, a certified copy of the report.

"* * * * *."

Defendant requested a copy of the report "pursuant to statute" and a photocopy of the report was furnished by the deputy district attorney with the

---

[1] ORS 43.470 (1) provides:

"Whenever a copy of a writing is certified to be used as evidence, the certificate shall state that a copy has been compared by the certifying officer with the original, and that it is a correct transcript of the whole or of a specified part."

words "certified a true copy" with the signature of the deputy district attorney affixed below the certificate.

Defendant contends that since he might desire to use the breathalyzer report in evidence, the certificate of his copy should comply with ORS 43.470. We do not so read ORS 483.646. It requires no more than that defendant be assured that the person having custody of the report shall furnish him an accurate copy thereof. The certification made in this case meets that requirement. It is not contended that the photostatic copy furnished defendant is inaccurate nor is it contested that the deputy district attorney who certified to the accuracy of the breathalyzer report furnished defendant had custody of the original. If a defendant desires to introduce the contents of the report in evidence, adequate avenues to do so are available to him. It was error for the courts below to rule that the results of the breath test would be inadmissible upon trial.

The judgment of the circuit court is reversed and the cause remanded to the circuit court with directions to reverse the district court's order allowing defendant's motion to suppress.

Reversed and remanded.